IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CYNTHIA L. STONE,
      Plaintiff,

vs.                           Case No.:  3:05cv196/LAC/EMT

UNITED STATES DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF INVESTIGATION,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff, proceeding pro se, commenced this action by filing a civil rights complaint (Doc. 1) under 28 U.S.C. § 1331 or § 1346 and 42 U.S.C. § 1983.  Leave to proceed in forma pauperis has been granted (Doc. 6).  Upon review of Plaintiff's complaint, the court concludes that Plaintiff has not presented and cannot present an actionable claim in this forum and that dismissal is therefore warranted.

      Named as Defendants in this matter are the United States Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") (Doc. 1 at 1).  It appears from the complaint that Plaintiff believes she has been falsely accused of desiring to be a black man, marrying television personality Diane Sawyer, securing a position at the sports desk of the television show "Good Morning America," and being a terrorist, robber, assassin for the CIA, rapist, molester, and "all around evil devil" (*id*. at 3 and attached pages).  Plaintiff alleges as a result of the false accusations she has been monitored by a psychic who reads her mind and disperses her thoughts on the internet and has been placed under electronic surveillance; her phone has been wiretapped; her mail, bank accounts, purchases, and thoughts have been monitored; her apartment has been burglarized on numerous occasions (the burglars allegedly removed photographs, a greeting card, a letter from a friend, a poem Plaintiff's father wrote, articles of clothing, and items of food); and she has been the

victim of acts of criminal mischief, including flattening the tires on her bicycle and creating pinholes in bleach bottles, water jugs, and the hose of her water heater (*id.* at 3). Plaintiff supplemented the "Statement of Facts" section of the civil rights complaint form with six pages, that contain a host of allegations concerning unknown players involved in a "subtle, twisted game" who broadcast Plaintiff's private activities and thoughts to millions of people via the internet, gossip about her, spread rumors, discriminate, and so on (*see* Statement of Facts supplement). Plaintiff cannot state who is responsible for the "game," but believes the participants include "politicians, sports figures and announcers, media, ministers, employers in Maine and Pensacola, businesses, Hollywood, CA, military, law enforcement and intelligence personnel" (*see id.* at 2).

Plaintiff claims violations of her Fourth, Fifth, Ninth, and Fourteenth Amendment rights. She specifically contends that the unwarranted monitoring of her activities violates the Fourth Amendment; the restriction on her liberty and taking of her property violates the Fifth Amendment; the control over her intellectual development, interests, tastes, and personality violates her freedom of choice guaranteed by the Ninth Amendment; and her rights to due process and equal protection guaranteed by the Fourteenth Amendment have been violated (*id.* at 4). As relief, Plaintiff seeks to be free from interference by "manipulatory people or 'Big Brother' agencies," to hold the "source" of her harm accountable, and to bring the "source" to justice (*id.*).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Within the former are those cases in which it is either readily apparent that a complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit; within the latter are those cases describing scenarios clearly removed from reality. Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990) (citing Neitzke, 109 S.Ct. at 1833).

The allegations set forth in the instant complaint appear to fall into the latter category.  In Neitzke, the Supreme Court recognized the ability of the court to dismiss a case as frivolous where the claims describe fantastic or delusional scenarios.  109 S.Ct. at 1833.  Although the initial assessment of Plaintiff's factual allegations must be "weighted in favor of the plaintiff," the court is not required to accept allegations as having an arguable factual basis simply because they cannot be rebutted by judicially noticeable facts.  Denton, 112 S.Ct. at 1733.  In other words, the frivolity determination cannot serve as a factfinding process for the resolution of disputed facts.  *Id.*  A finding of frivolousness is appropriate, however, where the factual allegations are irrational or wholly incredible.  *Id.*  With this standard in mind, Plaintiff's complaint should be dismissed as frivolous because the claims set forth fantastic scenarios.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) and the clerk be directed to close the file.

At Pensacola, Florida, this 9th day of January 2006.

*/s/ Elizabeth M. Timothy*                                   
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**